UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Alan Ramsey and Sherri
Lynn Bish, as Co-Administrators of
the Estate of Andrew David Ramsey,
Deceased, et al.,

Case No. 1:06cv82
Judge Michael R. Barrett

    Plaintiffs,

    v.

Sandra and Barry Wilson
as Parents and Legal Guardians of
Joseph A. Wilson, a minor, et al.

    Defendants.

## ORDER

This matter is now before this Court on Defendants' motion for summary judgment (Doc. 56). Plaintiffs filed a memorandum in opposition (Doc. 65) to which Defendants did not reply.

### I.    Factual Background[1]

On February 27, 2004, the decedent, Andrew David Ramsey, was a passenger in a 1992 Ford Ranger, operated by Defendant Joseph Wilson. The 1992 Ford Ranger vehicle was owned by Joseph's mother, Defendant Sandra Wilson. (Doc. 56). Sandra Wilson had given Joseph Permission to drive the vehicle. *Id.* Joseph used the Ford Ranger as his own but it was maintained by Sandra Wilson and Defendant Barry Wilson, Joseph's father. (Doc. 65).

---

[1] The following facts are fairly drawn from the parties' filings.

The 1992 Ford Ranger was involved in an accident in which Andrew Ramsey was killed. At the time of the accident, Joseph was a junior at Reading High School. *Id.* Joseph had received his driver's license when he was sixteen years old. *Id.* When Joseph was sixteen or seventeen years old, he had his license suspended for thirty days because of a speeding ticket. *Id.* Joseph had also been cited for doing "donuts in the field or whatnot." *Id.* Although Joseph could have been charged with reckless operation for his actions, he was only charged with criminal mischief. *Id.*

There is some conflict in how the accident occurred. Joseph testified that another driver, Mr. Condia, quickly drove up beside him while he was driving in the right lane and that Mr. Condia "flipped him the bird." *Id.* Joseph then had to quickly move over to the left lane after Mr. Condia moved in front of Joseph's car in the right lane and hit his breaks. *Id.* However, there is also testimony that Mr. Condia stayed in the right lane for 100 to 200 yards before moving over and that Joseph sped up and was on Mr. Condia's tail before the incident happened. *Id.*[2]

Further, the vehicle driven by Joseph had a lift kit that was in the back of the truck that elevated the rear of the truck. *Id.* Joseph testified that he was unaware that the lift kit makes the truck more susceptible to rolling over. *Id.* Joseph also testified that he knew that the tires on the truck were oversized, and that oversized tires could impact the accuracy of the speedometer, but that he was not aware of the calibrations on the speedometer had ever been checked. *Id.*

---

[2]**This version of events, taken from Plaintiffs' response, does not make sense to the Court and the deposition of Joseph Wilson is not of record at this time. However, from a review of Ashley McKinney's deposition (Doc. 76 at 11, 41, 74) it appears that Joseph was driving in the left lane and not the right as indicated above. Regardless, the facts of the accident are not relevent for purposes of this motion.**

II. Legal Standard and Analysis

A. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, but then the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita*, 475 U.S. at 587. However, the nonmoving party may not rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324. The substantive law of the case determines what facts are material and whether a higher burden of proof is required for a particular element. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Jarrett v. CSX Transp., Inc.*, 2008 U.S. Dist. LEXIS 86256 (N.D. Ohio Sept. 10, 2008) *citing Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

B. Legal Analysis

Defendants move for summary judgment on Plaintiffs' claim of negligent entrustment against Sandra and Barry Wilson. Defendants argue that Barry Wilson was not and is not the owner of the vehicle. (Doc. 56). As a non-owner, he is not subject to potential liability for negligent entrustment. *Id.* Defendants also argue that there is no evidence to support a conclusion that Joseph Wilson was an incompetent driver to support a claim for negligent entrustment. *Id.* Defendants base this argument on Joseph having a driver's license and that he had driven other vehicles competently.

The Court agrees with Defendants on their first argument as Barry Wilson was not the owner of the Ford Ranger. Under Ohio law, the <u>owner</u> of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury. *Cox v. Dubois*, 16 F.Supp.2d 861, 865 (S.D. Ohio 1998)(emphasis added), *citing Gulla v. Straus*, 154 Ohio St. 193 (1950). Since Barry Wilson was not the owner of the car the Court grants Defendants' motion as to Barry Wilson.

However, questions of fact remain as to Sandra Wilson. In an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish; (1) that the motor vehicle was driven with the permission and the authority of the owner; (2) that the entrustee was in fact an incompetent driver; and (3) that the owner knew at the time of the entrustment that the

4

trustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency. *Id.*

Defendants argue that Joseph Wilson was a competent driver. Defendants point to the facts that Joseph Wilson had: (1) a valid Ohio Driver's License at the time of the accident; (2) passed the Ohio Driver's License exam on the first occasion; (3) not been involved in any other automobile accident except for one occasion when he was rear ended by another driver; (4) had only one moving violation, a speeding ticket (excluding the incident where he drove his vehicle on a ball field); and (5) driven with both of his parents previously. (Doc. 56). However, Plaintiffs point out, and this Court agrees, that genuine issues of material facts exist. Specifically, Joseph Wilson's past driving experiences, namely the suspension of his driver's license and citation for driving on a ball field, raise a material question about Joseph Wilson's competency to drive. Based on these facts, summary judgment is inappropriate as to Sandra Wilson, because there is a genuine issue as to whether Joseph Wilson was a competent or inexperienced driver. Thus, summary judgment is DENIED as to this issue.

III. Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is DENIED, in part, and GRANTED, in part.

**IT IS SO ORDERED.**

    *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court